UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRIAN WHITAKER,

    Plaintiff,

    v.

CYCLISMO CAFE REDWOOD CITY LLC,

    Defendant.

Case No. 21-cv-03626-RS

**ORDER DENYING APPLICATION TO ENTER JUDGMENT**

    This action was terminated in February of 2022, when plaintiff filed a written notice that he was voluntarily dismissing it with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Plaintiff requested no order from the court to effect the dismissal, instead expressly invoking his right to dismiss without an order because no answer or motion for summary judgment had been filed. Although the parties' written settlement agreement apparently contemplated that the court would retain jurisdiction for purposes of enforcing its terms, the agreement was not presented to the court prior to the dismissal nor incorporated by any order.

    Plaintiff now seeks entry of judgment pursuant to a stipulation for entry of judgment the parties executed in conjunction with the settlement, which was to be used if and only if defendant failed to make all of the payments specified in the settlement agreement. Federal courts "have no inherent power to enforce settlement agreements entered into by parties litigating before them." *Arata v. Nu Skin Int'l, Inc.*, 96 F.3d 1265, 1268 (9th Cir. 1996) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). Rather, courts have ancillary jurisdiction to enforce a

settlement agreement only "if the parties' obligation to comply with the terms of the settlement agreement ha[s] been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Kokkonen*, 511 U.S. at 381.

Accordingly, even assuming plaintiff's prior dismissal of this action "with prejudice" would otherwise pose no impediment to entry of the stipulated judgment, and that no issue would arise from the fact that defendant's counsel of record does not seem to have participated in the execution of the settlement documents, there simply is no jurisdiction to enforce the settlement terms. Plaintiff's motion is denied.

**IT IS SO ORDERED**.

Dated: January 17, 2023

_____
RICHARD SEEBORG
Chief United States District Judge